```
            IN THE UNITED STATES DISTRICT COURT
              FOR THE DISTRICT OF NEW JERSEY
```

| | |
|---|---|
| PRODUCT SOURCE INTERNATIONAL, LLC, | HONORABLE JEROME B. SIMANDLE |
| Plaintiff, | Civil Action No. 15-8704 (JBS/JS) |
| v. | |
| FOREMOST SIGNATURE INSURANCE COMPANY, MARYLAND CASUALTY COMPANY, and FARMER'S INSURANCE COMPANY, | **MEMORANDUM OPINION** |
| Defendants. | |

**SIMANDLE, Chief Judge:**

Before the Court is Defendants Foremost Signature Insurance Company, Maryland Casualty Company, and Farmer's Insurance Company's motion to dismiss Plaintiff Product Source International, LLC's Amended Complaint. For the reasons that follow, the Court will deny the motion to dismiss.

1. **Background**. The facts of this case were summarized in this Court's Opinion[1] on Defendants' first motion to dismiss the Complaint and will be recounted only as necessary to decide the present motion. The Amended Complaint differs from the original Complaint in only two respects: first, PSI included a new

---

[1] Product Source Int'l, LLC v. Foremost Signature Ins. Co., -- F. Supp. 3d --, 2016 WL 3625544 (D.N.J. July 6, 2016). See also Docket Item 26.

footnote clarifying that because "PSI settled the underlying litigation," its declaratory judgment claims "now comprise claims for duties to reimburse" (Amended Complaint [Docket Item 35] at n. 1); and second, Plaintiff alleges new factual matter underlying Count III, insurers' bad faith. (Id. at ¶¶ 58-83.)

    2.   Plaintiff Product Source International, LLC ("PSI") holds an insurance policy with Defendants Foremost Signature Insurance Company, Maryland Casualty Company, and Farmer's Insurance Company (collectively, "the Insurers") that provides "general commercial liability . . . subject to certain conditions and exclusions." (Id. ¶ 24.) Those exclusions do not apply to "claims sounding in infringement of trade dress or slogan." (Id. ¶ 43.) Plaintiff alleges that its insurance policies cover "personal and advertising injuries" (id. ¶ 41), including "injury arising out of the use of another's advertising idea in an advertisement, or infringing upon another's trade dress or slogan in an advertisement." (Id. ¶ 42.)

    3.   Plaintiff has been in litigation with Leonid Nahshin, a non-party to this case, for nearly three years over Plaintiff's use of the phrase "NIC OUT" on the products PSI sells. On June 21, 2013, the Trademark Trial Appeal Board granted Nahshin's petition to cancel Plaintiff's registration for the NIC OUT mark. (Id. ¶ 20.) Plaintiff appealed the

2

Trademark Trial Appeal Board's ruling to the United States District Court for the Eastern District of Virginia (the "Nahshin Action"). (Id. ¶ 21.) Nahshin brought counterclaims against Plaintiff in that case, including a "false designation of origin" claim under the Lanham Act. (Id. ¶¶ 22, 45.)

4. Shortly thereafter, Plaintiff tendered a demand for defense to the counterclaims in the Nahshin Action to the Insurers. (Id. ¶ 23.) The gravamen of Plaintiff's Amended Complaint is that the Insurers independently investigated PSI's insurance claim and acknowledged their duty to defend and indemnify PSI in the Nahshin Action, but, to date, have failed to provide PSI any funds to cover litigation costs or the settlement reached with Nahshin in December 2015. (See id. at ¶¶ 24-49, 58-84.) According to PSI, it was forced to settle the Nahshin Action while cross-appeals to the Fourth Circuit Court of Appeals were pending because it could not afford to continue litigation without financial assistance from the Insurers. (Id. at ¶¶ 62-63, 73-74.) The Insurers have since indicated that they believe that "only a fraction" of the legal defense costs, "if any at all" were "potentially" covered by the policies (id. ¶ 35; see also Exhibit 5 to Def. Mot. to Dismiss), despite numerous letters sent from PSI's counsel to the Insurers explaining that "under well-established, cited New Jersey case

3

law PSI was entitled to a duty to defend and a duty to indemnify." (Id. ¶ 82.)

5. Plaintiff filed this action in the Superior Court of New Jersey, Camden County, on October 27, 2015, bringing claims against the Insurers for declaratory judgments as to the Insurers' duty to defend and indemnify Plaintiff in the Nahshin Action, and for insurance bad faith in denial of coverage for the Nahshin Action. [Docket Item 1.] Defendants timely removed this case to the United States District Court and filed a motion to dismiss [Docket Item 8] on the basis that Plaintiff's request for declaratory judgment are moot and that it failed to state a claim for relief for insurers' bad faith. This Court granted in part and denied in part Defendants' motion to dismiss, finding that Plaintiff had set forth a justiciable controversy over Defendants' duties to defend and indemnify Plaintiff in the Nahshin Action, but had not stated a plausible bad faith claim. Product Source Int'l, LLC v. Foremost Signature Ins. Co., -- F. Supp. 3d --, 2016 WL 3625544, at *4, *5 (D.N.J. July 6, 2016). The Court granted Plaintiff leave to amend only its bad faith claim, which it timely did. [Docket Item 35.] This motion to dismiss the Amended Complaint followed. [Docket Item 39.]

6. **Standard of Review**. Federal Rule of Civil Procedure 12(b)(1) enables a party to move to dismiss a complaint for lack of subject matter jurisdiction. Because federal courts are

4

courts of limited jurisdiction, the party seeking to invoke the court's jurisdiction bears the burden of proving the existence of subject matter jurisdiction. See Kokkonen v. Guardian Life Ins. Co., 511 U.S. 375, 377 (1994).

7. Article III of the United States Constitution requires that "an actual controversy must be extant at all stages of [the Court's] review, not merely at the time the complaint is filed." Camesi v. Univ. of Pittsburgh Med. Ctr., 729 F.3d 239, 247 (3d Cir. 2013) (quoting Genesis Healthcare Corp. v. Symczyk, ___ U.S. ____, 133 S.Ct. 1523, 1528 (2013)). With respect to actions for declaratory judgment, litigants present a justiciable controversy only where "the facts alleged, under all the circumstances, show that there is a substantial controversy, between parties having adverse legal interests, of sufficient immediacy and reality to warrant the issuance of a declaratory judgment." MedImmune, Inc. v. Genentech, Inc., 549 U.S. 118, 127 (2007) (citing Maryland Casualty Co. v. Pacific Coal & Oil Co., 312 U.S. 270, 273 (1941). One corollary to the requirement for a live controversy is the doctrines of mootness. "An action is rendered moot when an intervening circumstance deprives the plaintiff of a personal stake in the outcome of the lawsuit at any point during the litigation." Id. A case becomes constitutionally moot "only when it is impossible for a court to grant any effectual relief whatever to the prevailing party." In

re ICL Holding Co., Inc., 802 F.3d 547, 553 (3d Cir. 2015) (citing Chafin v. Chafin, -- U.S. --, 133 S.Ct. 1017, 1023 (2013)). "As long as the parties have a concrete interest, however small, in the outcome of the litigation, the case is not moot." Campbell-Ewald Co. v. Gomez, -- U.S. --, 136 S.Ct. 663, 669 (2016).

8.      Pursuant to Rule 8(a)(2), Fed. R. Civ. P., a complaint need only contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Specific facts are not required, and "the statement need only 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" Erickson v. Pardus, 551 U.S. 89, 93 (2007) (citations omitted). While a complaint is not required to contain detailed factual allegations, the plaintiff must provide the "grounds" of his "entitle[ment] to relief", which requires more than mere labels and conclusions. Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007).

9.      A motion to dismiss under Rule 12(b)(6), Fed. R. Civ. P., may be granted only if, accepting all well-pleaded allegations in the complaint as true and viewing them in the light most favorable to the plaintiff, a court concludes that the plaintiff failed to set forth fair notice of what the claim is and the grounds upon which it rests. Id. A complaint will survive a motion to dismiss if it contains sufficient factual

matter to "state a claim to relief that is plausible on its face." Ashcroft v. Iqbal, 556 U.S. 662, 663 (2009). Although a court must accept as true all factual allegations in a complaint, that tenet is "inapplicable to legal conclusions," and "[a] pleading that offers labels and conclusions or a formulaic recitation of the elements of a cause of action will not do." Id. at 678.

    10.  **Discussion**. The Insurers argue again, as in their first motion to dismiss, that Plaintiff's declaratory judgment claims should be dismissed as moot, or in the alternative, because Plaintiff made voluntary payments to Nahshin, and that its bad faith claim should be dismissed for failure to state a claim. Plaintiff argues that the Insurers' arguments on the declaratory judgment claims seek, in effect, improper reconsideration of this Court's earlier Opinion, and that its developed allegations underlying the bad faith claim are sufficient.

    11.  Consistent with the undersigned's July 6 Order on the Insurers' first motion to dismiss, Counts I and II of the Amended Complaint continue to present justiciable, non-moot claims for relief seeking a declaration that the Insurers have a duty to defend and indemnify PSI in the Nahshin Action by, inter alia, reimbursing PSI for the cost of counsel and settlement. As this Court already found, with full knowledge that PSI had

7

settled the Nahshin Action, Plaintiff's request for a declaratory judgment is not moot because "[d]espite an earlier acknowledgement of the Insurers' duty to defend Plaintiff in the Nahshin Action, Defendants' inconsistent conduct leaves Plaintiff with a remaining personal stake in the answer to this question." Product Source Int'l, 2016 WL 3625544, at *4.

12. The law of the case doctrine "limits relitigation of an issue after it has been already decided in an earlier stage of the same litigation." Krys v. Aaron, 106 F. Supp. 3d 472, 480 (D.N.J. 2015) (citing In re Continental Airlines, Inc., 279 F.3d 226, 232 (3d Cir. 2002)). The rationale behind the doctrine is that "a disappointed litigant should not be given a second opportunity to litigate a matter that has been fully considered by a court of coordinate jurisdiction, absent unusual circumstances." Hayman Cash Register Co. v. Sarokin, 669 F.2d 162, 169 (3d Cir. 1982). Such "unusual circumstances" include "situations in which: (1) new evidence is available; (2) a supervening new law has been announced; or (3) the earlier decision was clearly erroneous or would create manifest injustice." Public Interest Research Group of New Jersey, Inc. v. Magnesium Elektron, Inc., 123 F.3d 111, 117 (3d Cir. 1997).

13. Here, none of those circumstances apply: the allegations in the Amended Complaint surrounding these claims are unchanged from the original Complaint, the Court has no more

8


or better information than it did in deciding the Insurers' first motion to dismiss, and there has been no change in the law. As Plaintiff points out, the Insurers' apparent acknowledgement of a duty to defend does not change the fact that "[f]rom the date the Complaint was filed to the December dismissal of the Nahshin Action at the appellate court, and through today, the issues of whether Insurers owed a duty to defend and indemnify PSI, and from what date to what date coverage existed, and how much coverage was owed, and the amount of counsel fees Insurers owed under N.J. R. 4:42-9(a)(6) . . . [are] _all_ issues still need[ing] resolution." (Plaintiff's Opposition Brief [Docket Item 41] at 6.)[2] In fact, the Insurers' alternative argument that PSI's voluntary payments to Nahshin are not covered by its policy belies this active dispute over the extent, if any, of coverage for litigation costs and settlement. Because the Court sees no reason to disrupt the law of the case, and because Plaintiff's requests for declaratory judgment touch on live disputes between PSI and the Insurers,

---

[2] Furthermore, insofar as the Insurers argue that their duty to reimburse PSI is moot because there were never damages awarded against it in the Nahshin Action, the Court rejects the Insurers' position. The Amended Complaint alleges – which allegations the Court must accept as true at this stage of the litigation – that the policy obligates the Insurers to pay "any judgment _or_ settlement _that_ _may_ _result_." (Am. Compl. ¶¶ 49, 56.)

the Court will deny the Insurers' motion to dismiss on the basis of a lack of jurisdiction.[3]

14. Next, the Insurers argue that Plaintiff's request for reimbursement should be dismissed because the settlement in the Nahshin Action constitutes a "voluntary payment" not covered by insurance. Plaintiff argues that allegations in the Amended Complaint make the voluntary payment doctrine inapplicable at this stage of the litigation because it would not have engaged in settlement discussions with Nahshin if the insurers had defended and indemnified PSI as they had promised.[4]

---

[3] The Court notes the Insurers' representation (Def. Br. at 13) that they "have acknowledged a duty to reimburse Plaintiff's reasonable and necessary costs incurred in the defense of potentially covered claims . . . [and] stand ready to stipulate their acknowledgment in this regard subject to rights of allocation under applicable New Jersey law." These acknowledgments have not been consummated by action. Until the Insurers take steps to fulfill their duty to reimburse – or, until the parties actually litigate what costs are reimbursable under the policy – the Court finds there is still a live dispute.

[4] Plaintiff also argues that this new basis for dismissal violates Federal Rule of Civil Procedure 12(g)(2). Rule 12(g)(2) provides that "a party that makes a motion under this rule must not make another motion under this rule raising a defense or objection that was available to the party but omitted from its earlier motion." The voluntary payment defense was unavailable to the Insurers at the time of their first motion to dismiss: the original Complaint alleges that settlement negotiations in the Nahshin Action were "continued" or "ongoing," and it was only in Plaintiff's Opposition Brief to the first motion to dismiss that PSI represented, in this case, that it had settled the Nahshin Action. Accordingly, because this defense arises solely from allegations new to the Amended Complaint, Rule 12(g) does not bar the Insurers' point of argument.

15.  The common law voluntary payment rule "provides that 'where a party, without mistake of fact, or fraud, duress or extortion, voluntarily pays money on a demand which is not enforcible against him, he cannot recover it back.'" In re New Jersey State Bd. of Dentistry, 423 A.2d 640, 643 (1980). Under New Jersey law, an insurer may disclaim coverage for voluntary payments made only where it can show "appreciable prejudice" from such payments. Resolution Trust Corp. v. Moskowitz, 868 F. Supp. 634, 640 (D.N.J. 1994) (discussing Solvents Recovery Service of New England v. Midland Ins. Co., 526 A.2d 1112 (N.J. App. Div. 1987)).

16.  In any case, the Court cannot determine, on the pleadings alone, whether PSI's settlement with Nahshin was truly voluntary or necessarily made under economic duress; whether PSI acted under a mistake of fact when it relied on the Insurers' acknowledgment of their duty to defend and indemnify PSI in the Nahshin Action; or whether, and how, the Insurers were "appreciably prejudiced" by PSI's settlement. "Application of the voluntary payment rule cannot be resolved on a motion to dismiss, where the complaint does not establish whether the plaintiff's payment was truly voluntary and made without mistake of fact." Rickenbach v. Wells Fargo Bank, N.A., 635 F. Supp. 2d 389, 395 (D.N.J. 2009). The Court therefore declines to dismiss Plaintiff's claim under the voluntary payment rule, without

11

prejudice to the Insurers' ability to raise such an argument on a motion for summary judgment.

17.  Finally, Count III of the Amended Complaint, for insurers' bad faith, now adequately states a claim for relief. Under New Jersey law, "To show a claim for bad faith, a plaintiff must show the absence of a reasonable basis for denying benefits of the policy and the defendant's knowledge or reckless disregard of the lack of a reasonable basis in denying the claim." Pickett, 621 A.2d at 453 (citing Bibeault v. Hanover Ins. Co., 417 A.2d 313, 319 (R.I. 1980)). This Court previously found that the original Complaint, containing barer assertions of fact than the current Amended Complaint, adequately alleged the first part of a claim under Pickett, and sees no reason to now disturb that finding that is now law of the case.[5] Accordingly, the Insurers' motion to dismiss Count III requires this Court to determine only whether Plaintiff has plausibly alleged factual grounds that the Insurers acted with "knowledge or reckless disregard of the lack of a reasonable basis in denying the claim."

---

[5] As before, in finding that this element has been adequately pleaded in the Complaint, the Court expresses no opinion on the merits of these allegations, or whether Plaintiff could actually establish on summary judgment that no factual issues exist as to its entitlement to insurance benefits under these policies.

18. It is plain that Plaintiff's developed allegations regarding the Insurers' knowledge of their claim in the Nahshin Action are sufficient to state a claim for relief. Plaintiff now alleges that the Insurers independently investigated PSI's claim for coverage in the Nahshin Action; that the Insurers' counsel confirmed that coverage was due under the policy; that the Insurers were aware that proceedings in the Nahshin Action were costly and rapidly progressing, and aware of the status of the case; that PSI's counsel explained in correspondence that the Insurers owed a duty to defend under New Jersey law; and that the Insurers "have delayed the processing of the claim knowingly or in reckless disregard of the fact that they had no valid reason for doing so." (Am. Compl. ¶¶ 66-70, 73-75, 82.) These factual allegations are more than just mere legal conclusions which the Court need not accept, Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009), and could plausibly establish that the Insurers acted with knowledge or reckless disregard.

19. The accompanying Order will be entered.


 **February 14, 2017**                           **s/ Jerome B. Simandle**
Date                                              JEROME B. SIMANDLE
                                                  Chief U.S. District Judge

13